MILLER v. BARTH.

(Supreme Court, Appellate Term.    October, 1901.)

WITNESSES — IMPEACHMENT — FORMER TESTIMONY — EXCLUSION — HARMLESS ERROR.

> Where questions as to whether a witness had not given contradictory testimony in a former and different action were excluded as immaterial, but it previously appeared that counsel was not prepared to contradict whatever statements witness might make with reference to his testimony in such former action, the exclusion of the questions as to the former testimony was not prejudicial.

Appeal from city court of New York, general term.

Action by George M. Miller against John C. Barth. From a judgment of the general term (71 N. Y. Supp. 989) affirming a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before MacLEAN and SCOTT, JJ.

Lippmann & Ruck (Wm. J. Lippmann, of counsel), for appellant.

Elliot, Jones & Escher (Henry Escher, Jr., of counsel), for respondent.

MacLEAN, J. The plaintiff claimed a commission for the sale by himself and a partner, who assigned to him, of a building for the defendant, and recovered upon very conflicting testimony, of which that of himself, of his former partner, and of the purchaser was sufficient, if credited, to warrant the verdict. No motion was made by either party on the conclusion of the evidence. The chief reliance upon this appeal is the exclusion by the court, as immaterial, of questions respecting the existence of an action between the defendant here and his vendee, whether the principal witness testified upon the trial of that action, and whether upon such trial he made a certain statement quite contradictory of his other utterances upon this. Before these questions were put, it was made to seem apparent that the defendant's counsel was not prepared to contradict whatever answer might be given as to former statements. After this was excluded, he made no offer to prove what was said, nor, having then called attention thereto, did he at any time offer any proof that the witness had made different statements. It would have been more according to practice to allow the preliminary question as to former testimony of the witness, by whose answer the defendant would have been bound unless contradicted by the stenographer or other person present at the trial inquired about. Mere departure from ordinary practice is not reason for reversal. The refusal of the trial justice to charge certain requests of the defendant—one of suppositious matter not in evidence, and the other not law—was proper, for the plaintiff's right to remuneration rests upon a contract, not necessarily valid and enforceable, where the minds of buyer and seller have met. Folinsbee v. Sawyer, 8 Misc. Rep. 370, 28 N. Y. Supp. 698.

Judgment affirmed, with costs.

SCOTT, J., concurs.